B6 Summary (Official Form 6 - Summary) (12/14)

# United States Bankruptcy Court
## DISTRICT OF OREGON

In re: Kari Lynn Larson, Debtor

Case No. 15-32579-rld7

Chapter 7

**AMENDED**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

**AMOUNTS SCHEDULED**

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A – Real Property | YES | 1 | $ 241,651.00 | | |
| B – Personal Property | YES | 4 | $ 63,462.80 | | |
| C – Property Claimed as exempt | YES | 1 | | | |
| D – Creditors Holding Secured Claims | YES | 2 | | $ 318,023.32 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 7 | | $ 21,133.08 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 4,707.48 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 6,605.39 |
| **TOTAL** | | 25 | $ 305,113.80 | $ 339,156.40 | |

Official Form 6 - Statistical Summary (12/14)

# United States Bankruptcy Court
### DISTRICT OF OREGON

In re: Kari Lynn Larson, Debtor

Case No. 15-32579-rld7

Chapter 7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

**AMENDED**

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. §101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ 0.00 |
| Student Loan Obligations (from Schedule F) | $ 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ 0.00 |
| TOTAL | $ 0.00 |

**State the Following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $ 4,707.48 |
| Average Expenses (from Schedule J, Line 22) | $ 6,605.39 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14 ) | $ 10,789.50 |

**State the Following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ 0.00 |
| 4. Total from Schedule F | | $ 21,133.08 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ 21,133.08 |

B6B (Official Form 6B) (12/07)

In re  Kari Lynn Larson                                     Case No.  15-32579-rld7
            **Debtor**                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See. 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand<br>Amendment note: No change. FMV stated represents balance on date of filing this Ch 7 case (hereafter the "Petition Date").<br><br>Note: All personal property listed on this Sched B located at debtor's residence unless otherwise stated | W | 10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | JPMorgan Chase Bank Personal Checking Account<br>Amendment note: Amended to correct amount. Acct. no. ending 1233<br>FMV stated represents balance on Petition Date | W | 196.20 |
| | | Keybank Personal Checking Account<br>Amendment note: No change. Acct. no. ending 4046<br>FMV stated represents balance on Petition Date. Note: Account has been inactive for over 1 year | W | 0.00 |
| | | Health Care Flexible Spending Account<br>Amendment note: No change. FMV stated represents balance on Petition Date | W | 93.56 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods, Furnishings | J | 800.00 |

AMENDED

**B6B (Official Form 6B) (12/07) -- Cont.**

In re  Kari Lynn Larson  
        **Debtor**

Case No. 15-32579-rld7  
        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

**AMENDED**

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Amendment note: No change. Misc. household goods and furnishings, sm. appliances, dishes, pots & pans, linens, etc.; FMV stated represents value of debtor's 1/2 interest | | |
| | | Kitchen Appliances & Television | W | 3,362.96 |
| | | Amendment note: No change. New appliances (refrigerator, microwave, dishwasher) and television purchased 1/25/15; FMV stated represents purchase price | | |
| 5. Books. Pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Books, Pictures & Collectibles | J | 200.00 |
| | | Amendment note: No change. CD's, DVD's, pictures, books, bric-a-brack, etc.; FMV stated represents value of debtor's 1/2 interest | | |
| 6. Wearing apparel. | | Women's Clothing & Accessories | W | 600.00 |
| | | Amendment note: No change. Misc. women's clothing, coats, shoes, handbags, accessories, etc. | | |
| 7. Furs and jewelry. | | Ladies Jewelry | W | 1,500.00 |
| | | Amendment note: No change. Wedding ring, anniversary ring, misc. costume jewelry | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Cellmark 401(k) Profit Sharing Plan | W | 46,150.80 |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re  Kari Lynn Larson  
       Debtor

Case No. 15-32579-rld7  
       (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

**AMENDED**

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Amendment note: No change. Plan Trustee, Merrill Lynch FMV stated represents balance as of 5/26/15 | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlement to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owing debtor including tax refunds. Give particulars. | | Income Tax Refunds<br>Amendment note: New asset added. Income tax refunds: 2012 = $2,273 fed. $151 state; 2013 = $1,106 fed. $332 state; 2014 = $2,259 fed. $1,640 state | W | 7,761.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate or a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. §101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2014 Nissan Altima - For Disclosure Purposes Only | H | 0.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  Kari Lynn Larson                                         Case No.  15-32579-rld7
          **Debtor**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

AMENDED

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Amendment note: No change. Debtor drives vehicle registered in her husband's name and paid for by husband; Kelley Blue Book trade-in value $13,486; subject to lien of creditor; debtor claims no interest | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | Pet Dog<br>Amendment note: No change. 2 yr. old Yellow Labrador named "Cooper" | J | 0.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Earned but Unpaid Wages<br>Amendment note: No change. Earned but unpaid wages for the period 5/15/15 through 5/30/15; gross $2,294.28, less withholdings of approx. $506.00 = net of approx. $1,788.28 | W | 1,788.28 |
| | | Blazer Game Season Tickets<br>Amendment note: No change. 2nd level Blazer tickets ( 2 seats); FMV stated represents est. value of debtor's 1/2 interest | J | 1,000.00 |

_____0_____ continuation sheets attached       Total       $  **63,462.80**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

Case 15-32579-rld7    Doc 9    Filed 06/18/15

B6C (Official Form 6C) (04/13)

In re  Kari Lynn Larson                                Case No.  15-32579-rld7
           **Debtor**                                                                **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☑ 11 U.S.C. § 522(b)(2)           ☐ Check if debtor claims a homestead exemption that exceeds $155,675*.
☐ 11 U.S.C. § 522(b)(3)

**AMENDED**

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Residence | 11 U.S.C. 522(d)(1) | 11,475.00 | 241,651.00 |
| Cash on Hand | 11 U.S.C. 522(d)(5) | 10.00 | 10.00 |
| JPMorgan Chase Bank Personal Checking Account | 11 U.S.C. 522(d)(1) <br> 11 U.S.C. 522(d)(5) | 74.76 <br> 121.44 | 196.20 |
| Keybank Personal Checking Account | 11 U.S.C. 522(d)(5) | 0.00 | 0.00 |
| Household Goods, Furnishings | 11 U.S.C. 522(d)(3) | 800.00 | 800.00 |
| Books, Pictures & Collectibles | 11 U.S.C. 522(d)(3) | 200.00 | 200.00 |
| Women's Clothing & Accessories | 11 U.S.C. 522(d)(3) | 600.00 | 600.00 |
| Ladies Jewelry | 11 U.S.C. 522(d)(4) | 1,500.00 | 1,500.00 |
| Cellmark 401(k) Profit Sharing Plan | 11 U.S.C. 522(d)(10)(E) | 31,925.28 | 46,150.80 |
| Pet Dog | 11 U.S.C. 522(d)(5) | 0.00 | 0.00 |
| Earned but Unpaid Wages | 11 U.S.C. 522(d)(1) | 1,788.28 | 1,788.28 |
| Kitchen Appliances & Television | 11 U.S.C. 522(d)(3) | 3,362.96 | 3,362.96 |
| Health Care Flexible Spending Account | 11 U.S.C. 522(d)(5) | 93.56 | 93.56 |
| Blazer Game Season Tickets | 11 U.S.C. 522(d)(5) | 1,000.00 | 1,000.00 |
| Income Tax Refunds | 11 U.S.C. 522(d)(1) | 7,761.00 | 7,761.00 |
| | Total exemptions claimed: | 60,712.28 | |

*Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**B6 (Official Form 6 - Declaration) (12/07)**

In re  Kari Lynn Larson
                    **Debtor**

Case No.  15-32579-rld7
               **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES
### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ~~27~~ 7 sheets (Amended Amended), and that they are true and correct to the best of my knowledge, information, and belief.

Date  06/18/2015

Signature:  /s/ Kari Lynn Larson
                      **Debtor**

Date  _____

Signature:  Not Applicable
                    (Joint Debtor, if any)

[If joint case, both spouses must sign.]

**AMENDED**

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110 setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

Printed or Typed Name and Title, if any,
of Bankruptcy Petition Preparer

Social Security No.
*(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

Address

X _____
Signature of Bankruptcy Petition Preparer

Date _____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP**

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(total shown on summary page plus 1),* and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

Signature: _____

_____
[Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

---

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.